UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DAN GRANDBERRY,** | § | **CV. NO. SA-14-CA-852-DAE (HJB)** |
| **TDCJ No. 01685729,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| **V.** | § | |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| Respondent. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Petitioner Dan Grandberry filed this federal habeas corpus action pursuant to 28 U.S.C. § 2254 challenging his 2010 Bexar County convictions in cause no. 2004-CR-7793 for two counts of aggravated sexual assault of a child. For the reasons discussed below, Petitioner's petition is dismissed as untimely, and is alternatively denied on the merits.

**I. <u>Background</u>**

On October 27, 2004, a Bexar County grand jury indicted Petitioner in cause no. 2004-CR-7793 on six separate criminal charges, all involving the same victim and occurring on or about the same date.[1] Petitioner had two prior felony convictions: one for possession of a

---

[1] Specifically, Count 1 charged Petitioner with intentionally and knowingly causing the sexual organ or Petitioner's victim, a person under the age of fourteen, to contact Petitioner's mouth, Count 2 charged Petitioner with intentionally and knowingly causing the sexual organ of his victim, a person under the age of fourteen, to contact Petitioner's sexual organ. Count 3 charged Petitioner with intentionally and knowingly touching part of the genitals of his victim, a person under the age of seventeen and not Petitioner's spouse, with intent to arouse and gratify the sexual desires of any person. Count 4 charged Petitioner with touching the breast of his victim, a person under the age of seventeen and not Petitioner's spouse, with intent to arouse and gratify the sexual desire of any person. Count 5 charged Petitioner with causing his victim, a person under the age of seventeen and not Petitioner's spouse, to touch part of Petitioner's

controlled substance, and one aggravated sexual assault of a child.  For unknown reasons, the Bexar County Criminal District Attorney's office did not seek the return of an enhancement paragraph in Petitioner's indictment and did not file a notice of intent to use the prior convictions for sentence enhancement purposes.  The guilt-innocence phase of Petitioner's trial commenced on October 11, 2010.

During the charge conference at the guilt-innocence phase of trial, the trial court announced to the parties that he believed two of the counts of indecency with a child should have been charged as lesser-included offenses of the aggravated sexual assault Counts.[2]  Neither party objected to the trial judge's erroneous characterization of Counts 3 and 5 as lesser-included-offenses of Counts 1 and 2.[3]  As a result, the trial court's jury charge and verdict form erroneously submitted Counts 3 and 5 to the jury as lesser-included offenses of Counts 1 and 2.[4] At the conclusion of the guilt-innocence phase of Petitioner's trial, the jury returned its verdict finding Petitioner guilty on all six charges.[5]

---

genitals with intent to arouse and gratify the sexual desire of any person.  Count 6 charged Petitioner with exposing his genitals to his victim, a person under the age of seventeen and not his spouse, with intent to arouse and gratify the sexual desire of any person and with knowledge the child was present.  All of the crimes charges were alleged to have taken place on or about July 4, 2003, with the same victim.  Transcript of pleadings, motions, and other documents filed in Petitioner's state trial court proceeding (henceforth "Trial Transcript"), at pp. 2-3.

[2] Statement of Facts from trial (henceforth "S.F. Trial"), Volume 4 of 6, at pp. 120-21.

[3] *Id.*

[4] Trial Transcript, at pp. 83-86.

[5] Trial Transcript, at pp. 83-86; Transcript of pleadings, motions, and other documents filed in Petitioner's state habeas corpus proceeding (henceforth "State Habeas Transcript"), at pp. 39-42.

The state trial court, erroneously construing Counts 3 and 5 as lesser-included offenses of Counts 1 and 2, entered judgments of acquittal on Counts 3 and 5 and imposed sixty-year sentences on each of the remaining counts.[6]  Petitioner appealed his sentences on Counts 4 and 6.[7]  In an opinion issued November 2, 2011, the Texas Fourth Court of Appeals held that the trial court erred when it enhanced Petitioner's sentences on Counts 4 and 6, reversed Petitioner's sentences on those two counts, and remanded for re-sentencing.  *Grandberry v. State*, 04-10-00895-CR 2011 WL 5245392 (Tex. App. Nov. 2, 2011).  On April 25, 2012, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review.  The state trial court subsequently re-sentenced Petitioner on Counts 3 and 5.

On April 2, 2014, Petitioner filed a pro se application for state habeas corpus relief in which he argued his convictions on Counts 1 and 2 violated double jeopardy because he was acquitted on Counts 3 and 5, which were lesser-included offenses of the first two counts against him.[8]  In an Order issued May 16, 2014, the state trial court held that (1) Counts 3 and 5 of the indictment against Petitioner were not, in fact, lesser-included offenses of Counts 1 and 2 under the standard set forth in *Blockburger v. United States*, 284 U.S. 299 (1932); (2) because Petitioner was not sentenced for both Counts 1 and 2 and Counts 3 and 5, Petitioner's constitutional right to freedom from Double Jeopardy had not been violated; and (3) Petitioner's

---

[6] Trial Transcript, at pp. 87-88, 93-100.

[7] Petitioner's Appellant's Brief, filed June 13, 2011, did not challenge Petitioner's convictions or sentences on Counts 1 or 2 of the indictment, the two counts charging Petitioner with aggravated sexual assault on a child.  *Grandberry v. State*, 2011 WL 5245392, *1 (Tex. App., Nov. 2, 2011).

[8] State Habeas Transcript, at pp. 1-18.

state habeas corpus application should be denied.[9]  On July 23, 2014, the Texas Court of Criminal Appeals denied Petitioner's state habeas corpus application without written order based upon the trial court's findings made without a hearing.  *Ex parte Dan Grandberry*, WR-81,489-01 (Tex. Crim. App. July 23, 2014).

On September 26, 2014, Petitioner filed a petition for federal habeas corpus relief in which Petitioner once again argued his convictions on Counts 1 and 2 were invalid as violations of the constitutional prohibition against double jeopardy (ECF no. 1).  On January 9, 2015 (ECF no. 12), respondent filed an answer arguing Petitioner's federal habeas corpus petition should be dismissed as untimely.  Petitioner filed a Reply on February 9, 2015 (ECF no. 13).

## II. Untimeliness of Petitioner's Federal Habeas Corpus Petition

The Court's review of Petitioner's claims for federal habeas corpus relief is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996.  *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Tassin v. Cain*, 517 F.3d 770, 776 n.18 (5th Cir. 2008) (holding that the AEDPA applies to habeas corpus cases filed in the United States District courts on or after April 24, 1996).  "The AEDPA provides for a one-year limitation period during which a state prisoner may seek federal habeas review of his judgment of conviction, running, in this case, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (internal quotation marks omitted).  A criminal conviction is "final" for purposes of the AEDPA's one-year limitations period when the defendant has exhausted his state appeals and either (1) the time for requesting a petition for certiorari review has passed or (2) the Supreme Court has

---

[9] State Habeas Transcript, at pp. 67-75.

4

affirmatively denied such a petition.  *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994); *Paredes v. Quarterman*, 574 F.3d 281, 287 (5th Cir. 2009), *cert. denied* 131 S. Ct. 1050 (2011).

Petitioner did not challenge his convictions or sentences on Counts 1 or 2 against him via direct appeal.  Generally, if a state criminal conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such direct review. *Gonzales v. Thaler*, 623 F.3d 222, 224-25 (5th Cir. 2010), *affirmed*, 132 S. Ct.  641 (2012). Respondent argues, therefore, that Petitioner's conviction became final not later than thirty days after December 3, 2010, the date of entry of the judgments of conviction on Counts 1 and 2 against Petitioner.  Thirty days after that date would have been January 2, 2011.  Respondent argues further that the deadline for the filing of Petitioner's federal habeas corpus petition was not tolled during the pendency of Petitioner's direct appeal because Petitioner did not appeal his convictions or sentences on Counts 1 and 2.

Alternatively, Petitioner argues that even if Petitioner's direct appeal did toll the limitations period for Petitioner's federal habeas corpus petition, Petitioner's petition is still untimely.  Petitioner's conviction was affirmed on direct appeal by the Texas Fourth Court of Appeals on November 2, 2011.  *Grandberry v. State*, 04-10-00895-CR,  2011 WL 5245392 (Tex. App. Nov. 2, 2011).  The Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review (PD-1833-11) on April 25, 2012.  Petitioner did not thereafter seek to challenge his conviction and sentence through the filing of a petition for writ of certiorari with the United States Supreme Court.  The deadline for filing a certiorari petition is ordinarily ninety days from the date a state court of discretionary review has issued an order denying discretionary review.  *Paredes*, 574 F.3d at 287 n.4 (*citing* SUP. CT. R. 13.1).  Thus, under this alternative

argument, Petitioner's conviction became final for purposes of the AEDPA's one-year limitations period not later than July 25, 2011.  Under the foregoing analysis, the deadline for the filing of Petitioner's federal habeas corpus petition was not later than July 25, 2012.  Petitioner states in his pro se federal habeas corpus petition that he filed an application for state habeas corpus relief in April 2014.  This Court's independent review of the state court records from Petitioner's state habeas corpus proceeding reveals Petitioner signed his state habeas corpus application on March 8, 2014.[10]  The Texas Court of Criminal Appeals denied Petitioner's application for state habeas corpus relief on July 23, 2014, without written order based on the findings of the trial court made without a hearing.  *Ex parte Dan Grandberry*, WR-81-489-01 (Tex. Crim. App. July 23, 2014).

The AEDPA does provide for the tolling of the limitations period during the pendency of an application for state habeas corpus relief.  28 U.S.C. §2244(d)(2).  Petitioner did not file an application for state habeas corpus relief at any time prior to March 8, 2013.  Petitioner has alleged no facts showing any equitable basis for excusing Petitioner's failure to timely file his federal habeas corpus application.  In fact, even employing the later date discussed above (i.e., July 25, 2012), Petitioner's state habeas corpus application was not filed until after the expiration of the AEDPA's deadline for the filing of his federal habeas corpus petition.  While Petitioner argues he was unaware of the fact he had been acquitted on Counts Three and Five until recently, the Texas Fourth Court of Appeals' opinion, issued November 2, 2011, states that Petitioner was acquitted on Counts Three and Five and convicted on Counts One and Two.  Petitioner has not

---

[10] State Habeas Transcript, at pp. 17-18.

alleged any facts showing he exercised reasonable diligence to pursue state or federal habeas corpus relief.  Under such circumstances, Petitioner has failed to allege any facts showing he is entitled to equitable tolling of the AEDPA's one-year statute of limitations in this cause.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."); *In re Campbell*, 750 F.3d 529, 533 (5th Cir. 2014) ("Equitable tolling is to be 'applied restrictively' and should be entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable.'").  Petitioner has failed to allege any specific facts showing the existence of extraordinary circumstances warranting the equitable tolling of the AEDPA's one-year statute of limitations in this case.  *See Palacios*, 723 F.3d at 606 (holding delays of four to six months after the expiration of state post-conviction proceedings before filing for federal habeas relief do not satisfy the diligence requirement for equitable tolling).

Likewise, Petitioner's arguments that he was ignorant of the AEDPA's one-year limitations period, incarcerated, and proceeding without the assistance of counsel do not rise to the level of extraordinary circumstances sufficient to warrant equitable tolling.  The Fifth Circuit has repeatedly held that neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling.  *See Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir.) (delays of the Petitioner's own making do not qualify for equitable tolling), *cert. denied*, 134 S. Ct. 698 (2013); *Whitt v. Stephens County*, 529 F.3d 279, 283 n.7 (5th Cir. 2008) (neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling of limitations); *Johnson v. Quarterman*, 483

F.3d 278, 286 (5th Cir.) (holding the same), *cert. denied*, 552 U.S. 1064 (2007); *Cousin v. Lensing*, 310 F.3d 843, 848-49 (5th Cir. 2002) (neither attorney error nor a Petitioner's own ignorance or mistake is sufficient to warrant equitable tolling), *cert. denied*, 539 U.S. 918 (2003).

Petitioner has failed to allege any specific facts in either his Petition or his Reply which demonstrate that he exercised due diligence in presenting his claims for federal habeas corpus relief either to the state courts or to this Court, and has thus failed to show he is entitled to equitable tolling of the AEDPA's one-year statute of limitations. Petitioner's September 2014 federal habeas corpus petition attacking his December 2010 Bexar County convictions is untimely and must be dismissed pursuant to § 2244(d).

## III. No Merit to Double Jeopardy Claims

In the course of Petitioner's state habeas corpus proceeding, the state trial court concluded that the criminal charges against Petitioner set forth in Counts 3 and 5 of the indictment against Petitioner were not lesser-included offenses of Counts 1 and 2 in the same indictment, respectively. The Texas Court of Criminal Appeals denied Petitioner's state habeas corpus application on the merits. Having independently analyzed all four Counts in question under the standard set forth by the Supreme Court in *Blockburger v. United States*, this Court concludes the aggravated sexual assault of a child offenses for which the jury convicted Petitioner on Counts 1 and 2 of the indictment against Petitioner were not the same offenses for which the same jury convicted Petitioner on Counts 3 and 5, respectively.

> The longstanding test for determining whether two statutes constitute the "same offense" for double jeopardy purposes arises from *Blockburger v. United States,* 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932). There, the Supreme Court explained that "where the same act or transaction constitutes a violation of two distinct

8

statutory provisions, the test to be applied ... is whether each provision requires proof of a fact which the other does not." *Id.* at 304, 52 S.Ct. 180.  A court applying the *Blockburger* test must "focus[ ] on the statutory elements of the offense.  If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *Iannelli v. United States,* 420 U.S. 770, 785 n. 17, 95 S. Ct. 1284, 43 L. Ed. 2d 616 (1975); *see also United States v. Agofsky,* 458 F.3d 369, 371 (5th Cir. 2006) ("Under the *Blockburger* test, each offense must contain an element not contained in the other; if not, they are the same offense ... and double jeopardy bars subsequent punishment or prosecution." (internal citation and quotation marks omitted)).

*United States v. Tovar*, 719 F.3d 376, 382-83 (5th Cir. 2013).

In Counts 1 and 2 of the indictment against him, Petitioner was charged with aggravated sexual assault, an offense defined in pertinent part by Section 22.021 of the Texas Penal Code as intentionally or knowingly causing either (1) the sexual organ of a child younger than age fourteen to contact the mouth of another person, including the actor, or (2) the sexual organ of a child younger than age fourteen to contact the sexual organ or another person, including the actor.[11]  Petitioner was charged in Counts 3 and 5 with indecency with a child, an offense defined in pertinent part by Section 21.11 of the Texas Penal Code as engaging in "sexual contact" with a child younger than seventeen years of age or causing a child younger than seventeen years of age to engage in "sexual contact."[12]  Section 21.11(c) defines "sexual contact," in pertinent part, as any touching "with the intent to arouse or gratify the sexual desire of any person" by a person,

---

[11] Texas Penal Code Annotated, Section 22.021(a)(1)(B)(iii).

[12] Texas Penal Code Annotated, Section 21.11(a)(1).  At the time of Petitioner's offense, i.e., in 2004, Texas law also required proof that the child younger than seventeen years of age was not the spouse of the person charged with committing the offense of indecency with a child. In 2009, the Texas Legislature eliminated this element of the offense added new subsection (b-1) which recognized an affirmative offense for situations in which the actor was the spouse of the child at the time of the offense.

including touching through clothing, of any part of the genitals of a child, or of any part of the body of a child, including through clothing, with any part of the genitals of a person.[13]  Thus, under Texas law, indecency with a child requires "intent to arouse or gratify the sexual desire of any person," which is unnecessary for a conviction for aggravated sexual assault.  Likewise, under Texas law, aggravated sexual assault requires proof that the victim was under age fourteen and proof of actual physical contact (i.e., not through clothing) between a sexual organ and the mouth or sexual organ or another person, two elements not present in the indecency with a child statute.  Under the *Blockburger* test discussed above, both aggravated sexual assault of a child and indecency with a child required at least one element not present in the statutory definition of the other offense.  Petitioner's convictions for indecency with a child under Counts 3 and 5 of the indictment therefore did not raise double jeopardy concerns in view of Petitioner's convictions for aggravated sexual assault of a child pursuant to Counts 1 and 2 of the indictment.  Additionally, given that the state trial court erroneously disregarded the jury's guilty verdicts on Counts 3 and 5 and entered judgments of acquittal on each of those offenses, no double jeopardy issues arise from Petitioner's convictions on Counts 1 and 2 for aggravated sexual assault.

The Texas Court of Criminal Appeals' conclusion that Petitioner's convictions on Counts 1 and 2 did not violate double jeopardy was neither contrary to, nor involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, nor was based on an unreasonable determination of the facts in light of the evidence

---

[13] Texas Penal Code Annotated, Section 21.11(c) (Vernon 2011).

presented in the Petitioner's state habeas corpus proceeding.  Petitioner's claims thus do not warrant federal habeas corpus relief.

## IV. <u>Certificate of Appealability</u>

The AEDPA converted the "certificate of probable cause" previously required as a prerequisite to an appeal from the denial of a petition for federal habeas corpus relief into a "Certificate of Appealability" ("COA").  *See Hill v. Johnson*, 114 F.3d 78, 80 (5th Cir. 1997) (recognizing the "substantial showing" requirement for a COA under the AEDPA is merely a change in nomenclature from the certificate of probable cause standard); *Muniz v. Johnson*, 114 F.3d 43, 45 (5th Cir. 1997) (holding that the standard for obtaining a COA is the same as for a certificate of probable cause).  The COA requirement supersedes the previous requirement for a certificate of probable cause to appeal for federal habeas corpus petitions filed after the effective date of the AEDPA.  Rule 11(a) of the Rules Governing Section 2254 Cases in United States District Courts requires this Court to issue or deny a COA when it enters an order adverse to a federal habeas corpus Petitioner.

Under the AEDPA, before a Petitioner may appeal the denial of a habeas corpus petition filed under § 2254, the Petitioner must obtain a COA.  *Miller-El v. Johnson*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. §2253(c)(2).  Likewise, under the AEDPA, appellate review of a habeas petition is limited to the issues on which a COA is granted.  *See Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002) (holding that a COA is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); 28 U.S.C. §2253(c)(3).

11

A COA will not be granted unless the Petitioner makes a substantial showing of the denial of a constitutional right. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Miller-El*, 537 U.S. at 336; *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). To make such a showing, the Petitioner need not show he will prevail on the merits, but must demonstrate that reasonable jurists could debate whether (or, for that matter, agree) the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Tennard*, 542 U.S. at 282; *Miller-El*, 537 U.S. at 336. This Court is required to issue or deny a COA when it enters a final Order such as this one adverse to a federal habeas Petitioner. *Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts*.

The showing necessary to obtain a COA on a particular claim is dependent upon the manner in which the District Court has disposed of a claim. "[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338 (*quoting Slack v. McDaniel*, 529 U.S. at 484, 120 S. Ct. at 1604). In a case in which the Petitioner wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, the Petitioner must show that jurists of reason could debate both whether the petition states a valid claim of the denial of a constitutional right and whether the district court's procedural ruling was correct. *Slack*, 529 U.S. at 484.

Reasonable minds could not disagree with this Court's conclusions that (1) Petitioner's federal habeas corpus petition is untimely, (2) Petitioner is not entitled to equitable tolling, (3)

12

under Texas law, aggravated sexual assault on a child and indecency with a child are two legally

distinct criminal offenses, and (4) Petitioner's double jeopardy claims are without arguable merit.

Accordingly, it is hereby **ORDERED** that:

1.  The referral of this cause to the Magistrate Judge is **WITHDRAWN.**

2.  Petitioner's petition for federal habeas corpus relief, filed September 26, 2014, *ECF no. 1,* is **DISMISSED** with prejudice as untimely pursuant to Title 28 U.S.C. §2244(d).

3.  Alternatively, all relief requested in Petitioner's federal habeas corpus petition is **DENIED.**

4.  Petitioner is **DENIED** a Certificate of Appealability on all his claims.

5.  All other pending motions are **DISMISSED AS MOOT.**

**IT IS SO ORDERED**.

**DATE:** March 30, 2015, San Antonio, Texas.

_____

David Alan Ezra
Senior United States Distict Judge

13